UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

|  |  |  |
|---|---|---|
| ROBERT RAY KRAMER, | : | CASE NO. 3:17-CV-2181 |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 27, 29] |
| TOM SCHWEITZER, WARDEN, | : |  |
|  | : |  |
| Respondent. | : |  |
|  | : |  |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Robert Kramer, seeking federal habeas relief from his Ohio-state involuntary-manslaughter conviction, objects to Magistrate Judge George Limbert's denial of his motion to stay proceedings and his denial of Kramer's motion to expand the record.

For the following reasons, the Court **OVERRULES** Kramer's objection to the stay denial and **SUSTAINS IN PART** and **OVERRULES IN PART** his objection to the record expansion denial.

## I. Background

On May 22, 2014, an Ohio grand jury indicted Petitioner Kramer on one count of involuntary manslaughter. The indictment followed Jimmie Matney's heroin-overdose death. The indictment charged that Kramer committed felony heroin trafficking and that

Matney's death resulted from Kramer's drug trafficking.[1]   In April 2015, a jury found Kramer guilty.[2]  The Ohio trial court imposed a nine-year term of imprisonment.[3]

On June 18, 2015, Kramer timely appealed.[4]  The Ohio Third District Court of Appeals affirmed his conviction in a May 16, 2016 decision.  On October 26, 2016, the Ohio Supreme Court declined to exercise jurisdiction over Kramer's *pro se* appeal.[5]

On March 7, 2017, Kramer filed a motion in the Ohio trial court for leave to file an untimely petition for post-conviction relief.[6]  The trial court denied the motion,[7] and the Third District Court of Appeals affirmed.[8]

Plaintiff then petitioned the Court on October 16, 2017 for *habeas* relief under 28 U.S.C. § 2254.[9]  He subsequently made the two motions the Court deals with here: to expand the record[10] and to stay proceedings.[11]  On March 26, 2019, Magistrate Judge Limbert denied both motions.[12]  Petitioner objects to both rulings.[13]

---

[1] Doc. 11-1 at 4.
[2] *Id.* at 8.
[3] *Id.* at 17.
[4] *Id.* at 15.
[5] *Id.* at 197.
[6] *Id.* 11-1 at 273.
[7] *Id.* at 368
[8] *Id.* at 443.  The Ohio Supreme Court refused jurisdiction over Petitioner's appeal of this decision.  *Id.* at 511.
[9] Doc. 1.
[10] Doc. 18.
[11] Doc. 20.
[12] Doc. 25.
[13] Docs. 27, 29.

## II.    Discussion

When a magistrate judge determines a nondispositive pretrial matter, the Court's review is limited.  The Court only overturns the magistrate's determination where it was "clearly erroneous or contrary to law"[14]

### A.  The Court Overrules Kramer's Objection to the Motion to Stay

With one motion, Petitioner Kramer asked to stay proceedings so that he can exhaust a state court claim that his indictment was defective.  He says his involuntary manslaughter indictment was defective and void because it did not separately charge him with the predicate heroin-trafficking felony offense.

A habeas court should only grant a stay and abeyance for a habeas petitioner to exhaust state-court claims in limited circumstances.  It must determine that "there was good cause for the petitioner's failure to exhaust his claims first in state court" and find that the unexhausted claims are not "plainly meritless."[15]

Petitioner says that he failed to pursue his defective-indictment claim in state court because his appellate counsel advised him that it was meritless.  In some circumstances, ineffective assistance of counsel gives "cause" to excuse procedural default.[16]  However, Kramer did not pursue the claim that his appellate counsel was ineffective for failing to challenge his indictment in state court,[17] which stops Kramer from doing so here.[18]

---

[14] Fed. R. Civ. P. 72(a).
[15] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).
[16] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).
[17] Kramer did pursue appellate ineffective assistance claims with respect to other issues in his appeal and post-conviction motions.
[18] *See Goldberg v. Maloney*, 692 F.3d 534, 537 (6th Cir. 2012) (petitioner could not use a procedurally defaulted ineffective-assistance claim to excuse procedural default of another claim because "a claim that is itself procedurally defaulted cannot be used as cause to excuse another procedurally defaulted claim").

Kramer argues that because the allegedly defective indictment deprived the trial court of subject-matter jurisdiction, he can raise this claim at any time. Not so. Under Ohio law, a defendant must pursue a defective-indictment claim before trial or on direct appeal—not in a collateral proceeding.[19]

Further, appellate counsel's advice was correct. An involuntary manslaughter indictment under Ohio Revised Code § 2903.4 does not have to plead the specific predicate offense,[20] much less charge the predicate offense.[21]

Because Petitioner Kramer lacks good cause for failing to pursue his defective-indictment claim, and because it is "plainly meritless," the Magistrate Judge properly denied his motion to stay.

### B. The Court Sustains in Part and Overrules in Part Kramer's Objection to the Motion to Expand the Record

Petitioner moved to introduce evidence not included in the state-court record: transcripts, motions, letters with his attorneys, disciplinary complaints, police reports, and photos of evidence. Magistrate Judge Limbert denied the motion, stating that Kramer "failed to show that his claims are based on fact rather than speculation" and "Petitioner merely speculates as to how the requested materials may support his habeas petition."[22]

---

[19] *See Midling v. Perrini*, 236 N.E.2d 557, 559 (Ohio 1968).
[20] *State v. Haffey*, No. 63576, 1993 WL 335443, at *6 (Ohio Ct. App. Sept. 2, 1993) ("It has been a longstanding and well-settled proposition of Ohio law that manslaughter indictments need not plead the specific predicate offense.").
[21] *See State v. Elam*, 2004-Ohio-7328, 821 N.E.2d 622, 627 (Ohio Com. Pl. Sep. 8, 2004) (rejecting argument that state must charge underlying felony in order to argue the felony as a basis for involuntary manslaughter).
[22] Doc. 25.

Under 28 U.S.C. § 2254(d), federal habeas review is generally limited to the state-court record.[23] The Court may not look beyond this record unless Petitioner shows that he was not a fault in failing to develop the evidence in state court, or (if he was at fault) the request meets the requirements in 28 U.S.C. § 2254(e)(2).[24] Further, where the state court has adjudicated a claim on the merits, the Court may not consider additional evidence in support of that claim.[25] Petitioner does not argue that he meets the § 2254(e)(2) requirements, so the only question is whether he was at fault for failing to develop the requested evidence.

As for the correspondence between Kramer, his appellate counsel, and the Ohio Disciplinary Counsel,[26] petitioner had all these materials in his possession when he filed his March 2017 motion to file a delayed petition for postconviction relief. The same goes for his 2014 trial court *pro se* motion to compel.[27] Thus, he failed to introduce them in state court.

Petitioner also moves to introduce two Defiance County Police reports charging him with felony heroin trafficking in support of his defective-indictment claim.[28] As explained

---

[23] *See Moore v. Mitchell*, 708 F.3d 760, 780 (6th Cir. 2013) (holding that § 2254(d) generally forbids a federal habeas court from considering materials outside the state-court record, even if the state consents to their admission).

[24] *Holland v. Jackson*, 542 U.S. 649, 653 (2004). Section 2254(e) permits evidentiary development where the claim relies on "(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

[25] *See Cullen v. Pinholster*, 531 U.S. 170, 181 (2011) (Habeas petitioner may not seek to introduce new evidence on claim that state court denied on the merits).

[26] Items "E," "F," "G," "H," "I," "J," and "K" in Petitioner's motion. *See* Doc. 18.

[27] Item "B."

[28] Items "L" and "M."

above, Petitioner could have introduced this evidence in state court and has not shown cause for failing to do so—his appellate attorney was not ineffective for failing to press this argument on appeal.

Petitioner also wishes to include a pre-trial transcript,[29] in support of his claim that his appellate counsel was ineffective for failing to challenge his trial counsel's failure to pursue tests of a syringe found at the crime scene. Because the Ohio appeals court has already denied this claim on the merits,[30] Petitioner may not introduce additional evidence on this claim.

Thus, the Court overrules Petitioner's objection with respect to the items above.

The Court sustains Petitioner's objection with respect to two items.[31] As the Government conceded, the record copy of Petitioner's "Motion for Reconsideration for Direct Appeal" supplied by the clerk of court was incomplete.[32] Petitioner also seeks to introduce a crime scene photo that is—as the government admits—"objectively clearer"[33] than the version in the record. Because these two items are more complete or clearer versions of items considered by the state court, and because Petitioner was not at fault for their exclusion, it was clearly erroneous for the magistrate judge to deny their inclusion.

---

[29] Item "A."
[30] Doc. 11-1 at 244.
[31] These items are identified as items "C" and "N" in Petitioner's motion.
[32] The incomplete version appears at Doc. 11-1 at 239, and the complete version appears in Doc. 19-1 at 1. However, the record copy of his "Motion for Late Filing for Reconsideration" Petitioner seeks to include (Item "D") is complete. *See* Doc. 11-1 at 246.
[33] Doc. 19 at 10.

### III.    Conclusion

For the foregoing reasons, the Court **OVERRULES** Kramer's objection to the stay

denial and **SUSTAINS IN PART** his objection to the record expansion denial.


IT IS SO ORDERED.


Dated: May 8, 2019                                  *s/    James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE